[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 21, 1983 in Bridgeport, Connecticut. They have resided continuously in this State since that time. There is one minor child issue of the marriage: Alexander Kleszczewski, born April 29, 1988.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in § 46b-81, § 46b-82, § 46b-56, § 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately eleven and a half years. There is one minor child aged 6 1/2 years. Both parties were born in Poland. The plaintiff came to this country in 1980 and the defendant came in 1983. The plaintiff is a registered nurse and is presently gainfully employed and in fact working two jobs. The defendant had been employed as a mechanic. He was laid off from his factory employment in 1992-1993. After his unemployment benefits expired he started to do odd jobs. He is presently attending a displaced workers program at the Porter Chester School, to learn a new trade. The defendant has certain skills in the building trades. He did substantial work in building the marital home located at 178 Governors Hill Road, Oxford. He also does remodeling work and maintenance work for his partner, Mr. Ali Alibigi.
The parties have had a rather tumultuous marriage during the past few years. The plaintiff alleges infidelity on the defendant's part, which the defendant denies. There were also incidents of physical violence which ended with the defendant being arrested on two occasions and the plaintiff ended up with black eyes and bruises to her face. The court found both parties to be lacking in candor.
Unfortunately, the parties were unable to resolve their marital difficulties. The court finds that the greater fault for the breakdown of the marriage is attributable to the defendant. CT Page 1953
The court has carefully considered all the statutory criteria in arriving at the decisions reflected in the orders that follow.
The parties placed an oral agreement on the record as follows, which the court approves and enters as an order:
1. Sole custody of the minor child is awarded to the plaintiff with rights of reasonable visitation to the defendant.
2. The defendant shall forthwith transfer to the plaintiff by quitclaim deed all his right, title and interest in and to the family home located at 178 Governor's Hill Road, Oxford, Connecticut. The plaintiff shall be responsible for the mortgage, taxes and insurance on said property and shall hold the defendant harmless therefrom.
In the event the defendant fails to execute said quitclaim deed, the defendant's interest in said real estate shall be transferred to the plaintiff in accordance with § 46b-81 C.G.S.
3. The plaintiff relinquishes any and all claims she may have to the real estate located at 144 Governor's Hill Road, Oxford, Connecticut.
4. The defendant shall forthwith transfer all of his right, title and interest in the Smuggler's Notch time share to the plaintiff. The plaintiff shall hold the defendant harmless from any and all liability in connection with said time share.
5. The plaintiff withdraws any and all claims she may have as against Ali Alibigi arising out of the plaintiff's claim of a fraudulent conveyance.
The defendant came into this marriage with savings of $10,000. He used those savings as the down payment for the purchase of the Oxford land. The defendant, the plaintiff's father and uncle did the majority of the labor in constructing the marital home. The plaintiff has worked throughout the marriage.
In January 1989, the parties refinanced their existing mortgage of approximately $68,343 with a loan of $175,000. The parties ended up with a net of $95,000. The defendant used $43,000 of this amount to purchase a one-half interest in a six family home located at 38 Taylor Street, Waterbury, in partners with Mr. Alibigi. There is a dispute as to what happened to the remaining CT Page 1954 proceeds of approximately $52,000.
The court determines from the conflicting evidence presented that some of these funds were used for the new addition to the marital home and to sustain the family while the defendant was laid off from his employment. The defendant testified he was laid off in 1989 for a year and then obtained employment in the fall of 1990 to March 1992 when he became unemployed again. The plaintiff had substantial gross earnings in the years 1990, 1991 and 1992.
The parties have agreed that the plaintiff waives any claim she might have to the real estate located at 38 Taylor Street, Waterbury, Connecticut. The plaintiff is obligated to pay the present first mortgage in the original amount of $175,000, which includes the $43,000 payment for the Waterbury property. There is still approximately $14,000 to $15,000 unaccounted for from the net mortgage proceeds.
The following additional orders are entered:
1. The plaintiff is awarded as a lump sum alimony award the sum of $7500 payable to the defendant as follows:
a. $1500 within one year of date;
b. $2000 within two years of date;
c. $4000 within three years of date;
 d. no interest is awarded provided the payment is made in full within three years of date.
2. Personal Property
a. The defendant shall return to the plaintiff her leather coat within 30 days of date. If the leather coat is not returned, then the defendant shall pay to the plaintiff the sum of $300 forthwith.
b. The defendant shall return the plaintiff's four fur coats within 30 days of date. The defendant shall pay to the plaintiff the sum of $500 for each fur coat not returned to the plaintiff.
c. The defendant shall return to the plaintiff her 18 CT Page 1955 karat yellow gold band with seven diamonds totalling one carat within 30 days. If the ring is not returned, the defendant shall pay to the plaintiff the sum of $1500.
d. Each party shall retain whatever personal property they have in their respective possession except as set forth above.
3. Arrears
The defendant is in arrears for one week in December 1994 and for the week ending February 24, 1995. Said total arrears of $600 shall be paid within two weeks of date.
4. Child Support
Commencing March 3, 1995, the defendant shall pay the sum of $125 per week for the support of the minor child.
5. Medical Coverage
The defendant shall provide medical coverage as is available through his employment for the benefit of the minor child. The plaintiff shall continue to maintain medical coverage for the benefit of the minor child as is available through her employment. Any unreimbursed medical expenses shall be equally divided between the parties.
6. Change of Name
Plaintiff is granted a change of name to Rachela Woinska-Kleszczewski.
Coppeto, J.